UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GRACIELA BRETSCHNEIDER DONCOUSE,

                    PLAINTIFF,                          15 CV 9851 (LTS)

        -against-

ZADIG & VOLTAIRE-NEW YORK LLC,                      **VERIFIED ANSWER**
A DOMESTIC LIMITED LIABILITY COMPANY,              **WITH CROSS-CLAIMS**
AND MOSKOWITZ HERBERT,

                    DEFENDANTS.
----------------------------------------------------------------X

        Defendant Herbert Moskowitz d/b/a Manhattan Realty Company ("Defendant"), through

its attorneys, Peluso & Touger, LLP, for its Answer and Affirmative Defenses to the Complaint,

hereby states as follows:

        1.      Defendant can neither admit nor deny the allegations contained in paragraph 1 as

it makes only conclusive statements of law with no factual allegations to respond to.

Nevertheless, the Defendant denies each and every allegation contained in paragraph 1.

        2.      Defendant can neither admit nor deny the allegations contained in paragraph 2 as

it makes only conclusive statements of law with no factual allegations to respond to.

Nevertheless, the Defendant denies each and every allegation contained in paragraph 2.

        3.      Defendant can neither admit nor deny the allegations in paragraph 3 as it contains

compound statements and makes statements of both law and fact.  Nevertheless, the Defendant

denies each and every allegation contained in paragraph 3.

        4.      Denies knowledge and information sufficient to form a belief regarding the

allegations contained in paragraph 4.

        5.      Denies each and every allegation in paragraph 5, except admits, on information

and belief, that an entity called Zadig & Voltaire—New York, LLC is authorized to conduct and

is conducting business within the State of New York. Defendant is aware of no person or entity named "Moskowitz Herbert," as Plaintiff erroneously calls Defendant in the Complaint.

6. Defendant denies each and every allegation in Paragraph 6. The Lessee of the Premises is ZV NY, Inc. d/b/a Zadig & Voltaire.

7. Defendant can neither admit nor deny the allegations in paragraph 7 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 7.

8. Defendant denies each and every allegation in Paragraph 8. Again, defendant is aware of no person or entity named "Moskowitz Herbert."

9. Defendant can neither admit nor deny the allegations contained in paragraph 9 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 9.

10. Defendant can neither admit nor deny the allegations contained in paragraph 10 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 10.

11. Defendant can neither admit nor deny the allegations in paragraph 11 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 11.

12. Defendant can neither admit nor deny the allegations in paragraph 12 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 12.

13.     Defendant can neither admit nor deny the allegations in paragraph 13 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 13.

14.     Defendant can neither admit nor deny the allegations contained in paragraph 14 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 14.

15.     Defendant can neither admit nor deny the allegations contained in paragraph 15 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 15.

16.     Defendant can neither admit nor deny the allegations in paragraph 16 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 16.

17.     Defendant denies each and every allegation in Paragraph 17.

18.     Defendant denies each and every allegation in Paragraph 18.

19.     Defendant denies each and every allegation in Paragraph 19.

20.     Defendant can neither admit nor deny the allegations contained in paragraph 20 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 20.

21.     Defendant can neither admit nor deny the allegations in paragraph 21, including subsections (a)-(g) therein, as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 21, including subsections (a)-(g) therein.

22.     Defendant denies each and every allegation in Paragraph 22.

23. Defendant can neither admit nor deny the allegations in paragraph 23 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 23.

24. Defendant can neither admit nor deny the allegations in paragraph 24 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 24.

25. Defendant can neither admit nor deny the allegations contained in paragraph 25 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 25.

26. With respect to paragraph 26, Defendant repeats, reiterates and re-alleges each and every admission and denial heretofor interposed herein to paragraphs numbered 1-25, inclusive, with the same force and effect as though more fully set forth herein at length.

27. Defendant can neither admit nor deny the allegations contained in paragraph 27, including subsection (a), as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 27.

28. Defendant can neither admit nor deny the allegations in paragraph 28 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 28.

29. With respect to paragraph 29, Defendant repeats, reiterates and re-alleges each and every admission and denial heretofor interposed herein to paragraphs numbered 1-28, inclusive, with the same force and effect as though more fully set forth herein at length.

30. Defendant can neither admit nor deny the allegations contained in paragraph 30, including subsection (a), as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 30.

31. Defendant can neither admit nor deny the allegations in paragraph 31 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 31.

32. Defendant can neither admit nor deny the allegations in paragraph 32 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 32.

33. Defendant can neither admit nor deny the allegations in paragraph 33 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 33.

34. Defendant can neither admit nor deny the allegations contained in paragraph 34 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 34.

35. Defendant can neither admit nor deny the allegations contained in paragraph 35 as it makes only conclusive statements of law with no factual allegations to respond to. Nevertheless, the Defendant denies each and every allegation contained in paragraph 35.

36. Defendant can neither admit nor deny the allegations in paragraph 36 as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendant denies each and every allegation contained in paragraph 33.

37. Defendant denies each and every allegation in paragraph 37.

38.     Defendant denies each and every allegation contained in the wherefore clause, including subsections (a)-e).

## FIRST AFFIRMATIVE DEFENSE

39.     The Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

40.     Plaintiff lacks standing to bring this action because she cannot demonstrate that she has (i) suffered any injury in fact, (ii) any causal connection between the alleged injury and the conduct complained of, and/or (iii) any reasonable likelihood that her alleged injuries would be redressed by a favorable decision. Plaintiff is not a bona fide patron and does not intend to return to the subject property. In addition, Plaintiff did not enter the store so she does not have first-hand knowledge of what she alleges in subsections (a)-(g) of paragraph 21 of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

41.     Plaintiff's claims are barred to the extent that they are based on visits to the subject facility beyond the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

42.     The purported architectural barriers provide effective access to Plaintiff. Any alleged non-compliance was de minimis.

## FIFTH AFFIRMATIVE DEFENSE

43.     Plaintiff's Complaint does not adequately provide Defendant notice of Plaintiff's theory of how Defendant is subject to the requirements of the ADA. To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "alteration" or "new

construction," there has been no alteration or new construction to the building as defined by the ADA and therefore, Defendant cannot be subjected to liability under the ADA.

## SIXTH AFFIRMATIVE DEFENSE

44.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "alteration," assuming arguendo renovations were made that constitute "alterations" within the meaning of the ADA, such "alterations" do not subject Defendant to liability because any "alterations" were made to ensure that the facility would be readily accessible to the maximum extent feasible.

## SEVENTH AFFIRMATIVE DEFENSE

45.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "alteration," assuming arguendo renovations were made that constitute "alterations" within the meaning of the ADA, such "alterations" do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel would be disproportionate to the cost of the overall alteration to the primary function area.

## EIGHTH AFFIRMATIVE DEFENSE

46.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "alteration," assuming arguendo renovations were made that constitute "alterations" within the meaning of the ADA, such "alterations" do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers would be technically infeasible.

## NINTH AFFIRMATIVE DEFENSE

47.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "new construction," assuming arguendo that there was "new construction" within the

meaning of the ADA, such "new construction" does not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers would be structurally impracticable.

**TENTH AFFIRMATIVE DEFENSE**

48.     Plaintiff's Complaint does not adequately provide Defendant notice of Plaintiff's theory of how Defendant is subject to the requirements of the ADA. To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "existing facility," such an "existing facility" does not subject Defendant to liability because removal of the alleged barrier is not readily achievable.

**ELEVENTH AFFIRMATIVE DEFENSE**

49.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "existing facility," such an "existing facility" does not subject Defendant to liability because the requested modifications would impose an undue burden on Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

50.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "existing facility," such an "existing facility" does not subject Defendant to liability because removal of the alleged barrier would fundamentally alter the nature of the public accommodation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

51.     To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "existing facility," such an "existing facility" does not subject Defendant to liability because Plaintiff was adequately provided access through readily achievable "alternative

methods" other than the removal of alleged architectural barriers such as customer service and online shopping.

## FOURTEENTH AFFIRMATIVE DEFENSE

52. To the extent that Plaintiff seeks to predicate Defendant's liability on the basis of an alleged "existing facility," such an "existing facility" does not subject Defendant to liability because Plaintiff was adequately provided access through readily achievable "alternative methods" other than the removal of alleged architectural barriers such as customer service and online shopping.

## FIFTEENTH AFFIRMATIVE DEFENSE

53. Defendant's conduct was privileged because it was undertaken pursuant to the applicable laws, regulations, orders, and approvals relating to building construction, fire safety and public safety. For Plaintiff's edification, 153 Mercer Street is a landmarked building that is over 130 years old and is located in SoHo. Accordingly, the edifice and structure cannot be altered.

## SIXTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff is estopped from pursuing this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff waived any rights to pursue this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff did not suffer any damages as a result of any action taken by Defendant and is therefore barred from asserting any claim against Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

57. The Complaint is barred, in whole or in part, on the basis that Defendant acted in good faith and for legitimate, non-discriminatory business reason unrelated to Plaintiff's disability or any other asserted protected status.

## TWENTIETH AFFIRMATIVE DEFENSE

58. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until discovery is completed and therefore, Defendant incorporates all such affirmative defenses as though more fully set forth herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

59. Defendant is entitled to attorneys' fees under the law if it is the prevailing party in this action.

## CROSS-CLAIMS AGAINST ZV NY, INC. D/B/A ZADIG & VOLTAIRE

60. Defendant Herbert Moskowitz d/b/a Manhattan Realty Company asserts the following cross-claims against ZV NY, Inc. d/b/a Zadig & Voltaire, erroneously sued by Plaintiff herein as Zadig & Voltaire—New York, LLC, a domestic limited liability company.

## FIRST CROSS-CLAIM: INDEMNIFICATION

61. Pursuant to Article 8 of the lease agreement entered into between Herbert Moskowitz d/b/a Manhattan Realty Company and ZV NY, Inc. d/b/a Zadig & Voltaire ("Z&V"), Z&V agreed as follows:

> Owner or its agents shall not be liable…for any injury or damage to persons or property resulting from any cause of whatsoever nature, unless caused by or due to the negligence of Owner, its agents, servants or employees…Tenant shall indemnify and save harmless Owner against and from all liabilities, damages,

penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorneys' fees paid, suffered or incurred as a result of any breach of Tenant, Tenant's agent, contractors, employees, invitees, or licensees...In case any action or proceeding is brought against owner by reason of any such claim, Tenant, upon written notice of Owner, will, at Tenant's expense, resist or defend such action or proceeding by counsel approved by Owner in writing, such approval not to be unreasonably withheld.

62.     If Plaintiff sustained the damages as alleged in Plaintiff's Complaint, then pursuant to the lease, Z&V will have breached the lease by failing to comply with the law, and specifically, violating Article 6 therein, which requires Z&V at its sole cost and expense to:

promptly comply with all present and future laws, orders and regulations of all state, federal, municipal and local governments, departments, commissions and boards...and with respect to the portion of the sidewalk adjacent to the demised premises, if the demised premises are on the street level, whether or not arising out of Tenant's use or manner of use thereof, or with respect to the building, if arising out of Tenant's use or manner of use of the demised premises or the building (including the use permitted under the lease). Except as provided in Article 29 hereof, nothing herein shall require Tenant to make structural repairs or alterations unless Tenant has by its manner of use of the demised premises or method of operation therein, violated any such laws, ordinances, orders, rules, regulations or requirements with respect thereto. Tenant shall not do or permit any act or thing to be done in or to the demised premises which is contrary to law...

63.     Defendant notified Z&V of this action on or about February 1, 2016.

64.     Therefore, to the extent, if any, that Defendant is found to be liable to Plaintiff, then Defendant is entitled to indemnification from Z&V including Defendant's reasonable attorney's fees. Z&V must also at its own expense defend and hold defendant harmless, including all costs, disbursements and attorneys' fees.

## SECOND CROSS-CLAIM: ATTORNEYS' FEES

65.     If Plaintiff sustained the damages as alleged in Plaintiff's Complaint, then pursuant to the lease, Z&V will have breach the leased and Defendant is entitled to its attorney's fees from Z&V under Article 19 of the lease.

**WHEREFORE**, Defendant Herbert Moskowitz d/b/a Manhattan Realty Company prays for judgment as follows:

1.     That Plaintiff not take anything by way of the Complaint, and that the same be dismissed with prejudice on the merits.

2.     That judgment be entered in favor of Defendant Herbert Moskowitz d/b/a Manhattan Realty Company and against Plaintiff on all causes of action.

3.     That judgment be entered in favor of Defendant Herbert Moskowitz d/b/a Manhattan Realty Company and against co-defendant ZV NY, Inc. d/b/a Zadig & Voltaire, erroneously sued by Plaintiff herein as Zadig & Voltaire—New York, LLC, a domestic limited liability company.

4.     That Defendant Herbert Moskowitz d/b/a Manhattan Realty Company be awarded its reasonable attorneys' fees and costs and disbursements.

5.     That Defendant Herbert Moskowitz d/b/a Manhattan Realty Company be granted such relief as the Court deems just and proper.

Dated: New York, New York.
       February 29, 2016

Peluso & Touger, LLP
Attorneys for Defendant Herbert Moskowitz
d/b/a Manhattan Realty Company
By:  Robert R. Moore, Jr. (RM 7949)
70 Lafayette Street
New York, New York 10013
Ph. (212) 608-1234
Fax: (212) 513-1989
Email: rmoore@pelusoandtouger.com

## VERIFICATION

HERBERT MOSKOWITZ, being duly sworn, deposes and says: I am the individual Herbert Moskowitz d/b/a Manhattan Realty Company. I have read the annexed ANSWER WITH CROSS-CLAIMS, know the contents thereof, and the same are true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

HERBERT MOSKOWITZ D/B/A MANHATTAN
REALTY COMPANY

By: _____
       HERBERT MOSKOWITZ

Sworn to before me this
29th day of February 2016.

_____
Notary Public

ROBERT REED MOORE JR,
Notary Public, State of New York
Registration No. 02MO6301214
Qualified in Kings County
Commission Expires April 14, 20⁄8